[717 NYS2d 240]

In the Matter of MARVIN FRIEDMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 4, 2000

**APPEARANCES OF COUNSEL**

*Grace D. Moran,* Syosset (*Muriel L. Gennosa* of counsel), for petitioner.

*Friedman, Khafif & Associates,* Brooklyn (*Andrew M. Friedman* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition, dated May 5, 1999, containing eight charges of professional misconduct. After a hearing, the Special Referee sustained all eight charges, as amended by the parties at the prehearing conference. The respondent now moves to confirm the Special Referee's findings and to impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to confirm the Special Referee's report with respect to Charges One and Three through Seven, disaffirm the report with respect to Charges Two and Eight, and to limit any discipline imposed to a public censure.

Charges One and Two are predicated upon a common set of factual allegations. On or about May 1, 1993, the respondent was retained on behalf of Robert Myers, an infant, and Sandra Myers, his mother and natural guardian, to represent the infant in a personal injury action emanating from an accident at a supermarket in Queens. The civil action initiated by the respondent was settled for $5,000. An infant's compromise order was signed on May 13, 1994. Pursuant to that order, the sum of $3,334 was to be paid to Sandra Myers jointly with an officer of the Dime Savings Bank, to be deposited in that bank in the highest interest bearing account to the credit of Robert Myers. The money was to be held in that account subject to further court order or until such time as the infant reached the age of 18. The respondent was to receive $1,666 as an attorney's fee, including disbursements.

In or about May 1994, the respondent received the settlement proceeds in a check payable to the infant, by his mother and natural guardian, and Marvin Friedman, as attorney. The respondent deposited the settlement check into his escrow account on or about June 1, 1994.

On or about June 5, 1994, the respondent forwarded to the Myers an escrow check for $3,334 and a copy of the infant's compromise order. That check never cleared the escrow account and was returned to the respondent by Sandra Myers in or about October 1994 with a request that he issue a new check. The respondent issued the replacement check on or about May 28, 1996. That check did not clear the respondent's account since the Dime Savings Bank would not accept it and the copy of the infant's compromise order as presented.

In or about July 1998, the respondent sought civil relief to have the bank accept an attorney's certification for deposit. In or about August 17, 1998, the respondent obtained the necessary court order and the settlement funds were finally deposited with the Dime Savings Bank.

During the period June 3, 1994, through August 17, 1998, the respondent was required to preserve $3,334 in his escrow account on behalf of the Myers. The respondent's monthly bank statements indicate that between November 2, 1994, and January 13, 1998, the balance in his escrow account fell below the amount he was required to hold on 11 occasions.

Charge One alleged that the respondent misappropriated and converted the Myers' settlement escrow funds for purposes other than that for which they were intended, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]).

Charge Two alleged that the respondent failed to promptly release the infant's settlement funds, in violation of Code of Professional Responsibility DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]).

Charge Three alleged that the respondent improperly commingled client escrow funds entrusted to him as a fiduciary with funds that he utilized for personal and business purposes.

From approximately June 1994 through 1998, the respondent engaged in a practice whereby he retained his legal fees in the escrow account after disbursing to his clients their share of the proceeds. From at least June 1994 through 1997, the respondent issued some 290 checks from his escrow account for his personal or business purposes.

By failing to contemporaneously remove his legal fees from the escrow account and permitting them to remain on deposit with client funds, the respondent engaged in improper commingling of personal and client funds, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

Charge Four alleged that the respondent misappropriated and converted escrow funds for purposes other than that for which they were intended, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]).

On or about September 2, 1994, the respondent was entrusted with $7,500 which he deposited into his escrow account on behalf of a client, Barbara Sutton Warren. The respondent was to preserve $4,550 of that sum on behalf of his client until it

was released to her via an escrow check, which cleared his account on November 21, 1994. Before his fiduciary obligation was discharged, the balance in his escrow account was depleted to $2,593.40 on November 2, 1994, and $1,893.40 on November 7, 1994.

Charge Five alleged that the respondent misappropriated and converted escrow funds for purposes other than that for which they were intended, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]).

On or about September 20, 1994, the respondent was entrusted with a real estate down payment of $2,750, which he deposited into his escrow account on behalf of his clients, Barbara and Valentino Jacuzzi. The respondent was to preserve those funds until they were released to the Jacuzzis via escrow check, which cleared his account on February 6, 1995. Before his fiduciary obligation was discharged, the balance in his escrow account was depleted to $2,593.40 on November 2, 1994, and $1,893.40 on November 7, 1994.

Charge Six alleged that the respondent misappropriated and converted escrow funds for purposes other than that for which they were intended, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]).

On or about July 12, 1995, the respondent was entrusted with $12,000 which he deposited into his escrow account on behalf of his client, Bobby's Liquor. The respondent was to preserve those funds until he partially released them by escrow check, which cleared his account on January 17, 1996.

Before the respondent's fiduciary obligation to hold the $12,000 in escrow was discharged, the balance in his escrow account was depleted to $6,151.69 on September 5, 1995, $8,477.69 on October 14, 1995, $8,978.47 on November 17, 1995, and $6,978.47 on November 20, 1995.

Charge Seven alleged that the respondent failed to properly maintain his bookkeeping records relating to his escrow account, in violation of Code of Professional Responsibility DR 9-102 (d) (1) and (2) (22 NYCRR 1200.46 [d] [1], [2]).

From approximately May 1994 through 1997, the respondent failed to maintain a record of all deposits into and withdrawals out of his escrow account in which he contemporaneously recorded the date, source, and description of each item deposited, as well as the date, payee, and purpose of each withdrawal or disbursement.

Charge Eight alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in viola-

tion of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), based on the allegations set forth in Charges One through Seven.

Based on the evidence adduced, the Special Referee properly sustained all eight charges. The Grievance Committee's motion to confirm is granted and that branch of the respondent's cross motion which is to confirm the Special Referee's report with respect to Charges One and Three through Seven is granted and the cross motion is otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his extreme personal hardships, including his wife's cancer surgeries and accompanying treatments and complications, his own heart bypass and cancer surgeries, as well as the overwhelming support he has from members of the judiciary and Bar. The respondent further emphasizes his total lack of venality, the absence of any personal benefit to himself, and his subsequent efforts to rectify the management of his escrow account.

The respondent's disciplinary history consists of a letter of caution issued for representing both sellers and purchasers in a real estate transaction, in violation of Code of Professional Responsibility DR 5-105 (22 NYCRR 1200.24).

Under the totality of circumstances, the respondent is suspended from the practice of law for three years.

MANGANO, P. J. O'BRIEN, RITTER, SANTUCCI and ALTMAN, JJ., concur.

Ordered that the Grievance Committee's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the branch of the respondent's cross motion which is to confirm the report of the Special Referee with regard to Charges One and Three through Seven is granted and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Marvin Friedman, is suspended from the practice of law for a period of three years, commencing February 16, 2001, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Marvin Friedman, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law. [As amended by unpublished order entered Jan. 4, 2001.]